UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2021

YUTONG JIN,

          *Plaintiff*,

v.

SOLOMON CHOI,

          *Defendant*.

**PROTECTIVE ORDER**

No. 1:20-cv-9129(MKV)

    **WHEREAS**, certain documents and information have been and may be sought from third party The Trustees of Columbia University in the City of New York ("Columbia" or "the University") in the above-captioned action (the "Proceeding"), which Columbia believes to be confidential or contain sensitive personal information, including, but not limited to, private personal information concerning current or former Columbia students;

    **WHEREAS**, certain documents and information have been and may be sought from Columbia that contain material protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R Part 99 (together, "FERPA"); the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act, Pub. L. 104-191, and associated regulations, 42 C.F.R Parts 160, 162 & 164 (together, "HIPAA"); and/or other privacy laws and regulations;

    **WHEREAS**, it has been agreed by and among the parties to the Proceeding and Columbia (the "Parties") that a protective order ("Protective Order") preserving the confidentiality of certain documents and information produced by Columbia in this Proceeding should be entered by the Court; and

    **WHEREAS**, the Court has reviewed the terms and conditions of this Protective Order

submitted by the Parties;

**IT IS HEREBY ORDERED**:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed by Columbia during the Proceeding. This Protective Order is binding upon the parties to the Proceeding and their respective attorneys, agents, representatives, officers, and employees, and others as set forth in this Protective Order.

2. For purposes of this Protective Order, "Confidential Information" means confidential or private personal information. "Confidential Information" includes, but is not limited to: (a) any education records protected by FERPA, including any documents relating to the investigation, hearing, adjudication, or appeal of claims made to Columbia's Gender-Based Misconduct Office; and (b) any health records protected by HIPAA.

3. Columbia shall, through counsel, designate as "CONFIDENTIAL" any document or other materials it provides, which documents or other materials are believed by Columbia to constitute, reflect, or disclose Confidential Information (all of which is hereafter referred to as "Designated Material").

4. Confidential Information shall be disclosed only to the following persons:

(a) The attorneys, paralegals, and stenographic and clerical employees in the respective law firms of either party's counsel and the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b) Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in or consulting with respect to the preparation of this Proceeding, and the

assistants, clerical employees, or staff of such consultant or expert;

  (c) The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

  (d) Stenographic employees and court reporters recording or transcribing testimony in the Proceeding;

  (e) Witnesses and their counsel to whom disclosure is reasonably necessary during their testimony in this Proceeding; provided, however, that a person identified solely in this paragraph shall not be permitted to retain copies of such Confidential Information;

  (f) Any mediator or arbitrator engaged by the parties to the Proceeding; and

  (g) Any person who authored or previously received the Confidential Information through means other than the discovery process in this Proceeding.

5. Persons having knowledge of Confidential Information only by virtue of their participation in the conduct of the Proceeding shall use that Confidential Information only in connection with the Proceeding or appeal thereof, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not listed in Paragraph 4 of this Protective Order.

6. All persons to whom Designated Material is to be disclosed pursuant to Subparagraphs 4(b) and 4(d) – (f) above, as well as Plaintiff and Defendant, shall, prior to disclosure, be advised of the contents of this Protective Order and be required to execute a Certification evidencing their agreement to the terms of the Protective Order, in the form annexed hereto as Exhibit A.  The signed Certifications shall be retained for six (6) months following the final termination of this Proceeding, including any appeals.

7. Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to a subpoena served in this Proceeding, Columbia and its representatives are permitted to disclose education records ("Confidential Student Records") as defined in FERPA, as follows:

(a) With the exception of the parties to this Proceeding, Columbia shall make reasonable efforts to provide the current or former Columbia student(s) to whom the requested Confidential Student Records relate with written notice, by any reasonable means available, including by sending such notice by first class mail to his, her or their last known or permanent mailing address as indicated in the records of the University's Office of the Registrar and to his, her or their University email address, so that the student(s) may seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if he, she or they choose(s) to do so;

(b) A current or former Columbia student receiving such notice, and the parties to this Proceeding, shall be provided a period of ten (10) business days following receipt of notice of the subpoena to inform the University whether the student intends to seek an order preventing the University from disclosing the Confidential Student Records; provided that, if the student does not inform the University within ten (10) business days that the student intends to seek an order preventing disclosure, the University may produce the Confidential Student Records in this Proceeding;

(c) If any current or former Columbia student informs the University of his or her intent to apply for protection from the Court to prevent disclosure of Confidential Student Records, the University shall not be required to produce any documents and/or information containing such Confidential Student Records until the Court rules on the application.

(d)  Notwithstanding anything set forth above, pursuant to 34 C.F.R. § 99.30, the University may disclose in this Proceeding the Confidential Student Records of the party to this Proceeding who serves the subpoena on Columbia without giving that party notice. Disclosure of Confidential Student Records in accordance with this Paragraph 7 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

8. In the event any person or party having possession, custody, or control of any Confidential Information produced in this Proceeding receives a subpoena or other process or order to produce such information, such subpoenaed person or entity shall promptly notify by e-mail counsel for Columbia and shall furnish counsel with a copy of said subpoena or other process or order. The person or party receiving the subpoena or other process or order shall not produce the requested Confidential Information unless and until a court of competent jurisdiction so directs, except if Columbia (a) consents, or (b) fails to file a motion to quash or fails to notify the person or party in writing of its intention to contest the production of the Confidential Information prior to the date designated for production of the subpoenaed information, in which event the person or party may produce on the designated production date, but no earlier.

9. All personally identifying information and other sensitive information related to any current and former Columbia student, other than the names of the parties to this Proceeding, will be pseudonymized and/or redacted in any documents produced in this Proceeding by Columbia.

10. All Designated Material that is filed with the Court, or any pleadings, motions or other papers filed with the Court that reveals any information that has been designated as Confidential Information by Columbia shall be filed in redacted form or under seal.

11. Designated Material, any copies and/or extracts thereof, and anything derived

therefrom, shall not be disclosed in any way for any other purpose extraneous to this Proceeding.

12. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of Columbia, all Designated Material and any and all copies shall be returned to Columbia or destroyed within sixty (60) calendar days of receipt of the request; provided, however, that attorney work product, briefs and other court papers prepared for use in this Proceeding need not be returned or destroyed, but may be retained only by the party or the parties' counsel and, if so retained, shall continue to be maintained as Confidential in accordance with the provisions of this Order.

The Parties, by their counsel, hereby consent to entry of the foregoing Order:

PLAINTIFF

By: *(signature: yutong jin)*
Yutong Jin
518 W. 181st St, PO Box 191
New York, NY 10033
Phone: (917) 859-6713
scarlett0109@outlook.com

*Pro Se Plaintiff*

KAPLAN HECKER & FINK LLP

By: *(signature)*
Gabrielle E. Tenzer
Kyla P.S. Magun
350 Fifth Avenue, Suite 7110
New York, New York 10118
Phone: (212) 763-0883
gtenzer@kaplanhecker.com
kmagun@kaplanhecker.com

*Attorneys for Third Party The Trustees of Columbia University in the City of New York*

BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP

By: *(signature)*
Alexander Robert Klein
Kevin T. Kearon
666 Old Country Road, 7th Floor
Garden City, NY 11530
Phone: (516) 745-1500
aklein@barketepstein.com
kkearon@barketepstein.com

*Attorneys for Defendant Solomon Choi*

6

IT IS SO ORDERED this __24__ day of _____February_____, 2021

_____*Mary Kay Vyskocil*_____
The Hon. Mary Kay Vyskocil
United States District Judge

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| YUTONG JIN,<br><br>        *Plaintiff*,<br>  v.<br><br>SOLOMON CHOI,<br><br>        *Defendant*. | No. 1:20-cv-09129 (MKV) |

   The undersigned hereby acknowledges that, having read the Protective Order issued by the Court in the above-captioned action on _____, 2021, the undersigned understands the terms thereof and agrees to be bound thereby.  The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York and understands that the Court may impose sanctions for any violation of the Protective Order.

_____
  Date

             _____
             Name (typed or printed)

             _____
             Signature