```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUTONG JIN,

                Plaintiff,

           -against-

SOLOMON CHOI,

                Defendant.

1:20-cv-09129-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

       This Order memorializes and further explains rulings made on the record at the telephonic conference on February 23, 2021.

## **BACKGROUND**

       In this case, *pro se* Plaintiff brings claims for, *inter alia*, assault, battery and emotional distress, alleging that Defendant sexually assaulted her and caused her to contract a sexually transmitted infection while they were students at Columbia University. On January 12, 2021, after an Initial Pretrial Conference, the Court entered an Order ("January 12 Order") that provides, in relevant part, "Plaintiff shall produce authorizations for medical and psychiatric records for four (4) years prior to the date of this Order and Defendant shall produce authorizations for medical records for six (6) months prior to January 8, 2019, the date of the alleged incident." [ECF No. 18.]

       On January 27, 2021, Plaintiff filed two motions seeking various forms of relief, including, *inter alia*, an order that Defendant produce HIPAA authorizations for four years of mental health records; an order that Defendant undergo a mental health assessment to determine whether he has any mental issues or abnormalities that predispose him to commit sexual assault;[1] and a finding of

---

[1] Plaintiff withdrew this request on the record at the February 23 conference.

the crime-fraud exception to the attorney-client privilege so that Plaintiff can serve interrogatories on Mr. Kevin Kearon, Defendant's attorney. [ECF Nos. 23–24.]

On January 29, 2021, Defendant filed a letter advising the Court that Plaintiff had produced only one HIPAA authorization that excludes her mental health records and any other medical information beyond "sexual health testing results." [ECF No. 25.] Defendant requested a conference to address this matter, in addition to Plaintiff's motions. [ECF No. 25.]

Plaintiff filed briefs in support of her motions to serve interrogatories on Mr. Kearon and, pursuant to Federal Rule of Civil Procedure 60, to set aside the portion of the January 12 Order requiring Plaintiff to produce HIPAA authorizations for four years of medical and psychiatric records. [ECF Nos. 26–27.] The Court directed the parties to appear for a conference and ordered Defendant to file a letter responding to Plaintiff's briefs. [ECF No. 28.] Defendant filed his letter [ECF No. 30], and Plaintiff filed a reply [ECF No. 31] and an additional brief in support of her request for Defendant's mental health records the day before the conference [ECF No. 33].

On February 23, 2021, the Court held a telephonic conference in this matter. Plaintiff and counsel for Defendant appeared.

## DISCUSSION

First, Plaintiff's 60(b) motion to set aside the portion of the January 12 Order requiring Plaintiff to produce HIPAA authorizations for four years of medical and psychiatric records is denied. Federal Rule of Civil of Procedure 60(b) provides grounds for relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). This rule "does not apply to interlocutory orders," and discovery orders like the January 12 Order are interlocutory. *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 253 (W.D.N.Y. 2018) (citing *Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068(JFK), 2009 WL 1739893, at *2 n.1 (S.D.N.Y. June 16, 2009)); *see also Vicuna v. O.P. Schuman & Sons, Inc.*, 298 F. Supp. 3d 419, 432 (E.D.N.Y. 2017) (holding that

2

order was "interlocutory and [therefore] not final within the meaning of Rule 60(b)"). Accordingly, Plaintiff's 60(b) motion fails. *See Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, No. 08 Civ. 9117 (GBD) (HBP), 2010 WL 11594910, at *1 (Nov. 22, 2010) ("Because the undersigned's October 14 Order was an interlocutory discovery order, and not a final order, 'a motion under Rule 60(b)(6) is inappropriate.'" (quoting *Manko v. Deutsche Bank*, No. 02 Civ. 10180 (TPG), 2006 WL 1443200, at *1 (S.D.N.Y. May 25, 2006))).

Even if the Court construes Plaintiff's request as a motion for reconsideration, it still fails. To succeed on a motion for reconsideration, the movant must point to matters the Court overlooked that "might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "A motion for reconsideration should be granted only when the [movant] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiff's newly developed counterarguments, which she could have raised (and in some respects did so) at the Initial Pretrial Conference, do not constitute new evidence [ECF No. 27 at 9], or otherwise provide a basis to reconsider the January 12 Order. *See SEC v. Collector's Coffee, Inc.*, 464 F. Supp. 3d 665, 668 (S.D.N.Y. June 1, 2020) (noting that "a party is 'barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being [addressed] but chose not to do so'" (quoting *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013))); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (affirming rejection of argument raised for the first time on a motion for reconsideration as untimely (collecting cases)).

Moreover, there was no clear error in the January 12 Order. By asserting claims for intentional and negligent infliction of emotional distress, Plaintiff "has placed her mental condition at issue in this litigation and consequently has waived her right to prevent the disclosure of her mental health records." *Anderson v. City of New York*, No. 05-CV-4422, 2006 WL 1134117, at *1 (E.D.N.Y. Apr. 28, 2006) (citing *Manessis v. N.Y.C. Dep't of Transp.*, No. 02 CIV. 359, 2002 WL 31115032, at *2 (S.D.N.Y. Sept. 24, 2002)); *see Taylor v. City of New York*, No. 19 Civ. 6754 (KPF), 2020 WL 6559412, at *6 (S.D.N.Y. Nov. 9, 2020) (noting that "Plaintiff has waived privilege by affirmatively asserting claims for physical and emotional damage" (citing *In re Consol. RNC Cases*, No. 127, 2009 WL 130178, at *7 (S.D.N.Y. Jan. 8, 2009))).

In arguing that her mental health records are not discoverable under Federal Rule of Evidence 412 [ECF No. 31 at 3 ¶ 8], Plaintiff confuses what is admissible at trial and what is discoverable under Federal Rule of Civil Procedure 26. *Holt v. Welch Allyn, Inc.*, No. 95 CV 1135 (RSP/GJG), 1997 WL 210420, at *7 (N.D.N.Y. Apr. 15, 1997). Under Rule 26, "a party is entitled to broad discovery of a party's preexisting conditions including mental health matters, relevant to a claim or defense regardless of admissibility." *Bauman v. 2810026 Canada Ltd.*, 15-CV-374A(F), 2016 WL 402645, at *1 (W.D.N.Y. Feb. 3, 2016) (citing *Pokigo v. Target Corp.*, No. 13–CV–722A(Sr), 2014 WL 6885905, at *2–3 (W.D.N.Y. Dec. 8, 2014); and *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)); *see Taylor*, 2020 WL 6559412, at *6 ("Plaintiff's medical history is relevant to Plaintiff's claims regarding the cause and extent of his alleged emotional and physical damages . . . ." (citing *RNC Cases*, 2009 WL 130178, at *7)). The admissibility at trial of Plaintiff's mental health records is "a matter for another day." *Muniu v. Amboy Neighborhood Ctr., Inc.*, No. 98CV2211FBJMA, 2001 WL 370226, at *1 (E.D.N.Y. Apr. 11, 2001) (quoting *Holt*, 1997 WL 210420, at *8).

Insofar as Plaintiff's motion can be construed as a request to stay damages discovery pending resolution of liability issues [*see* ECF No. 31 at 3 ¶ 10], that request is denied without prejudice. "Bifurcation rests 'firmly within the discretion of the trial court,' and 'is the exception; not the rule.'" *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, No. CV 06-2225 (JFB) (AKT), at *2 (E.D.N.Y. Aug. 28, 2007) (collecting cases). In determining whether to bifurcate liability from damages, courts consider whether it "will further convenience, avoid prejudice, or promote efficiency." *Amato v. Saratoga Springs*, 170 F.3d 311, 316 (2d Cir. 1999) (citing Fed. R. Civ. P. 42(b)).

Plaintiff's request is based solely on potential prejudice. [*See, e.g.*, ECF No. 27 at 5–7; ECF No. 31 at 3 ¶¶ 8–10.] As an initial matter, the Court is informed that Plaintiff failed to execute a proposed confidentiality agreement, which would serve to shield her mental health records from widespread dissemination. At the conference, Plaintiff explained that she is reluctant to enter into a protective order because it would limit her ability to use Defendant's mental health records in another proceeding. Much of the prejudice about which Plaintiff complains is due to Plaintiff's failure to avail herself of the benefits of a confidentiality agreement. In addition, Plaintiff has not shown prejudice from discovery of her mental health records because at trial she may "object to potentially prejudicial evidence from these records and . . . have the Court determine whether this evidence should be kept from the jury." *Kerman v. City of New York*, No. 96 CIV. 7865(LMM), 1997 WL 666261, at *5 (S.D.N.Y. Oct. 24, 1997) (denying request to bifurcate because Plaintiff "has not presented particular factors that distinguish the potential for prejudice here from that which is normally dealt with through an appropriate charge and curative instructions"). Therefore, to the extent Plaintiff's objection should be deemed a request to bifurcate or stay discovery, such request is denied. *See id.* ("Since plaintiff's motion to stay discovery of his mental health records

depends on the Court's decision to bifurcate the trial and proceed with the liability phase first, the motion to stay is likewise denied.").

Second, Plaintiff's request for Defendant to Produce four years of medical records is also denied. The January 12 Order provides that the parties may apply for production of further medical and psychiatric records "if warranted based upon discovery provided" and only upon "a showing of good cause." [ECF No. 18.] Plaintiff has satisfied neither prerequisite. For this reason alone, Plaintiff's request is denied.

Furthermore, Plaintiff provides no basis for the Court to reconsider this portion of the January 12 Order. Defendant's mental health records are privileged and unlike Plaintiff, Defendant has not waived privileges by putting his mental health at issue. *See Alarir v. Billetdeaux*, No. 07 Civ. 1300(LTS)(DFE), 2007 WL 4047400, at *3 (S.D.N.Y. Nov. 13, 2007) ("Even where a defendant's mental or physical condition is in controversy, . . . he does not waive his doctor-patient privilege merely by defending against the lawsuit."); *Dillenbeck v. Hess*, 73 N.Y.2d 278, 287–88, 539 N.Y.S.2d 707, 536 N.E.2d 1126 (1989) (noting that "to effect a waiver, the party must do more than simply deny the allegations in the complaint—he or she must affirmatively assert the condition 'either by way of counterclaim or to excuse the conduct complained of by the plaintiff'" (quoting *Koump v. Smith*, 25 N.Y.2d 287, 294, 303 N.Y.S.2d 858, 250 N.E.2d 857 (1969))).

Third, as discussed at the conference, Plaintiff is free to serve interrogatories on Defendant and his attorneys. But insofar as Plaintiff requests that the Court "grant a waiver of attorney client privilege between Defendant and [his] counsel" so Mr. Kearon can answer interrogatories regarding communications between him and Defendant during Title IX proceedings at Columbia University, that request is denied. [ECF No. 26 at 4.] Such statements are privileged, and the crime-fraud exception, has not been shown to apply.

To assert the crime-fraud exception, the discovering party "must demonstrate that there is a factual basis for a showing of probable cause to believe that a fraud or crime has been committed and that the communications in question were in furtherance of the fraud or crime." *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997).  The exception applies not only to fraud or crime but also to an "intentional tort that undermines the adversary system itself." *Madanes v. Madanes*, 199 F.R.D. 135, 149 (S.D.N.Y. 2001).  It is insufficient that the privileged communications "might provide evidence of a crime or fraud." *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999). "Rather, the communication itself must have been in furtherance of a fraud or crime and must have been intended to facilitate the fraud or crime." *Shahinian v. Tankian*, 242 F.R.D. 255, 258 (S.D.N.Y. 2007) (citing *Jacobs*, 117 F.3d at 88).

Plaintiff has not shown by probable cause a factual basis to conclude that communications between Mr. Kearon and Defendant in connection with the Title IX proceeding were made in furtherance of the alleged intentional infliction of emotional distress.  Plaintiff cannot meet her burden simply by asserting a claim for intentional infliction of emotional distress in the Complaint. *See Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 342 B.R. 416, 427 (S.D.N.Y. 2006).  Because she relies solely on allegations and speculation, Plaintiff has failed to meet her burden to trigger the crime-fraud exception. *See Clark v. United States*, 289 U.S. 1, 15 (1933) ("It is obvious that it would be absurd to say that the privilege could be got rid of merely by making a charge of fraud."); *see Conopco, Inc. v. Wein*, No. 05 Civ. 09899(RJH)(THK), 2007 WL 1859757, at *8 (S.D.N.Y. June 28, 2007) ("[T]he allegations in the Complaint cannot suffice to establish probable cause to believe that a fraud was perpetrated.  Otherwise, through the mere allegation of fraud in a complaint, a party could use the crime-fraud exception to wholly swallow the attorney-client privilege." (citing *In re Omnicom Grp. Inc. Sec. Litig.*, 233 F.R.D. 400, 405 (S.D.N.Y. 2006))); *see also In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, M

21–95, 2003 WL 22389169, at *6 (S.D.N.Y. Oct. 21, 2003) (finding that "conclusory allegations of criminal or fraudulent intent" were insufficient to invoke crime-fraud exception). Therefore, the Court will not find or recognize a waiver of the attorney-client privilege at this juncture.

## CONCLUSION

Accordingly, based on the foregoing and in accordance with matters discussed on the record at the February 23 conference:

IT IS HEREBY ORDERED that on or before **March 2, 2021**, Plaintiff shall produce authorizations for medical and psychiatric records for the last four years, as previously ordered. [ECF No. 18.] **Further failure to comply with the Court's January 12 Order may result in sanctions.** Plaintiff shall provide authorizations for any medical or mental health provider with which she has consulted in the last four years. Plaintiff shall send original signed copies of the authorizations to Defendant's counsel.

IT IS FURTHER ORDERED that on or before **March 2, 2021**, Defendant shall file a proposed protective order either signed by the parties or proposed by Defendant.

IT IS FURTHER ORDERED that Defendant, at the appropriate time, shall give three weeks' notice of Plaintiff's deposition so Plaintiff may make arrangements to depose Defendant.

IT IS FURTHER ORDERED that Defendant's request to communicate and resolve matters relating to discovery with Plaintiff in writing, rather than by telephone, is denied.

The parties are reminded that they are expected to coordinate scheduling with the Southern District's Mediation Program well in advance of the fact discovery deadline and to participate in the mediation in good faith. **No discovery extensions will be granted absent extraordinary circumstances.** Should any discovery disputes arise, the parties must meet and confer in an attempt to resolve the dispute. If they cannot do so, the issue must be brought to the Court's attention well in advance of discovery deadlines. Deadlines will not automatically be extended to

accommodate the resolution of discovery disputes.  **<u>The party responsible for failure to comply with discovery deadlines may be subject to sanctions.</u>**

**<u>Failure to comply with deadlines or other terms of this Order may result in sanctions, including preclusion or dismissal of claims or defenses.</u>**

The Clerk of Court is respectfully requested to terminate docket entries 23, 24, and 25.

**SO ORDERED.**

| | |
|---|---|
| **Date:  February 24, 2021**<br>**New York, NY** | *Mary Kay Vyskocil*<br>**MARY KAY VYSKOCIL**<br>**United States District Judge** |