UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Yutong Jin,

                Plaintiff,

-against-

Solomon Choi,

                Defendant.

1:20-cv-09129 (MKV) (SDA)

<u>ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

      The Court is in receipt of Plaintiff's May 5, 2021 Letter regarding several subpoenas she has served or would like to serve in this action. (Pl.'s 5/5/2021 Letter, ECF No. 65.) Plaintiff suggests that the Court's prior Orders are inconsistent because one of the April 23, 2021 Orders (ECF No. 53) stated that she should think carefully about the necessity of a subpoena and the May 4, 2021 Order (ECF No. 64) stated that a subpoena was unnecessary. However, these Orders dealt with different issues. The April 23, 2021 Order addressed Plaintiff's statement that she wished to subpoena phone recordings from Columbia University ("Columbia") regarding whether Defendant had authorized Columbia to release his medical records to Plaintiff. (*See* Pl.'s 4/22/2021 Letter, ECF No. 50; 4/23/2021 Memo Endorsement, ECF No. 53.) The May 4, 2021 Order, on the other hand, addressed Plaintiff's desire to subpoena Defendant's STI and laboratory testing results from Columbia. (*See* Pl.'s Requests, ECF Nos. 60 & 61; 5/4/2021 Order, ECF No. 63.) The Court indicated that such a subpoena was unnecessary because Defendant has been ordered to make diligent efforts to obtain any and all of Defendant's STI test results for six

months prior to January 8, 2019 and to produce those records to Plaintiff.[1] Thus, there is no inconsistency in the Court's Orders.

Next, Plaintiff suggests that she is being treated unfairly because, as a *pro se* litigant, she lacks the power to issue subpoenas. The Court notes that, while Plaintiff cannot issue a subpoena, Federal Rule of Civil Procedure 45 provides that the Clerk of Court "must issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P. 45. Therefore, the fact that Plaintiff is proceeding *pro se* does not inhibit her use of subpoenas to seek appropriate discovery. Nonetheless, there are limits on the use of subpoenas and Plaintiff, like all litigants, must comply with the requirements of Rule 45. Among other things, a party responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Here, the Court ordered Defendant to produce his STI results to Plaintiff for the relevant time period, which, under the circumstances, appears to the Court to be the most efficient way to get the records to Plaintiff. Plaintiff appears to be concerned that Defendant may withhold records or somehow interfere with the records she receives. However, Defendant is represented by counsel and the Court may rely on representations made by counsel, as an officer of the Court, regarding the completeness of the production. *See, e.g.*, *Greer v. Carlson*, No. 20-CV-05484 (LTS) (SDA), 2020 WL 7028922, at *3 (S.D.N.Y. Nov. 29, 2020) ("courts often rely upon statements made by counsel") (citing cases). Accordingly, it is hereby Ordered as follows:

---

[1] While Plaintiff's proposed subpoena seeks records through January 12, 2021, the Court has limited the time period for Defendant's medical records to six months prior to January 8, 20219, the date of the incident at issue in this case. (*See* 1/12/2021 Order, ECF No. 18; 4/23/2021 Order, ECF No. 51.)

1. Defendant shall provide to Plaintiff a full and complete set of the STI testing records received from Columbia within two business days of receipt, along with a certification by Defendant's counsel that the produced records are copies of the exact records received from Columbia.

2. No later than May 14, 2021, Defendant shall file a letter regarding the status of the production or, if Defendant has not received the records from Columbia, the status of his efforts to obtain them.

**SO ORDERED.**

DATED:  New York, New York
        May 7, 2021

_____
STEWART D. AARON
United States Magistrate Judge