**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/17/2021

Yutong Jin,

     Plaintiff,

-against-

Solomon Choi,

     Defendant.

1:20-cv-09129 (MKV) (SDA)

<u>ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

  Before the Court is a request by Plaintiff (*see* ECF No. 80) to seal the following documents, which previously were filed on the docket: (1) Exhibit 1 to Plaintiff's Reply filed on February 19, 2021 (ECF No. 31-1), containing messages between Plaintiff and Defendant; (2) Exhibit 2 to Plaintiff's Reply filed on February 19, 2021 (ECF No. 31-2) containing Plaintiff's medical records; (3) Plaintiff's Memorandum of Law filed on February 22, 2021 (ECF No. 33); (4) the transcript of the January 12, 2021 telephone conference before District Judge Vyskocil (ECF No. 38); and (5) a letter filed by Plaintiff on May 10, 2021 (ECF No. 70), which includes references to settlement discussions. For the reasons set forth below, Plaintiff's request is GRANTED IN PART and DENIED IN PART. Plaintiff's request is granted with respect to her medical records filed at ECF No. 31-2 and denied with respect to the remaining documents.

  The Court has carefully considered the sealing requests and the documents at issue under the standards set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). As an initial matter, the Court finds that any privacy interest in the documents Plaintiff seeks to seal is undermined by the fact that the documents have been available on the public docket for at least one month, and in several cases close to four or five months. "As the Second Circuit has

noted, the Court has no ability to make private that which has already become public." *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (Once "[t]he genie is out of the bottle," a court does "not [have] the means to put the genie back."). In addition, with respect to ECF No. 31-1, while the messages include a reference to Plaintiff's medical condition, the same general information is described in her Complaint, which is publicly available. (*See, e.g.*, Compl., ECF No. 1, ¶¶ 12-13.) The same is true for references to Defendant's mental health in ECF No. 33 and to the parties' health information discussed during the July 12, 2021 conference, which itself was open to the public. (*See, e.g.*, Compl. ¶ 135; 1/12/2021 Tr., ECF No. 38, at 11-13, 16.) The Court will seal, however, Plaintiff's medical records filed at ECF No. 31-2. Although Plaintiff herself filed these records on the public docket almost four months ago, "because a plaintiff maintains significant privacy rights to her medical information" and these records contain treatment notes with more detailed health information, the Court finds that sealing, however belated, is justified. *Accord Valentini v. Grp. Health Inc.*, No. 20-CV-09526 (JPC), 2020 WL 7646892, at *2 (S.D.N.Y. Dec. 23, 2020) (noting that courts regularly seal records protected from disclosure by HIPAA).

      Finally, with respect to references to settlement negotiations in Plaintiff's letter filed at ECF No. 70, there is no presumptive right of access to settlement discussions and documents. *See Gambale*, 377 F.3d at 143 (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998)). Nonetheless, Plaintiff filed this letter (and attached emails) on the public docket and already had redacted certain information, including, notably, the settlement amount. (Letter, ECF No. 70, at 5.) Under these circumstances, the Court finds that Plaintiff has not met her burden to establish that the letter should be sealed in its entirety.

     For the foregoing reasons, Plaintiff's request to file certain documents under seal (ECF No. 80) is GRANTED IN PART as to Plaintiff's medical records filed at ECF No. 31-2 and DENIED IN PART with respect to the remaining documents. The Clerk of Court is respectfully requested to place ECF No. 31-2 under seal.

**SO ORDERED.**

DATED:    New York, New York
               June 17, 2021

                                            _____
                                            STEWART D. AARON
                                            United States Magistrate Judge