```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
:
YUTONG JIN                                                              :
                      *Pro Se* Plaintiff,                               :     Case No.: 20-cv-9129-MKV
                                                                        :
                                                                        :
                   -against-                                            :     **MOTION TO**
                                                                        :     **FILE UNDER SEAL**
SOLOMON CHOI                                                            :
                                                                        :
                      Defendant                                         :
                                                                        :
                                                                        :
------------------------------------------------------------------------x

Dear Judge Vyskocil,

    Pursuant to this Court's Individual Rules of Practice 2.B, *pro se* plaintiff in the above-captioned case moves to file under seal a Related Case Statement and this motion, a redacted copy of the Statement and this motion are provided.

    The reason for this filing is to notify this Court a potential related case subsequently filed after this case closed. In the new case and another related case (hereinafter "Case#3" and "Case#2"), plaintiff proceeded under pseudonym. Without permission of this filing under seal, the Related Case Statement will reveal plaintiff's identity related to Case#3 and Case#2.

    This Court is the first judge who learned about plaintiff's 2019 incident and deprivation of personal autonomy by a "peer student" in Complaint (who is defendant#2 in Case#3). The university who responded a subpoena issued in this case is currently the defendant#1 in Case#3.

    Case#3 appears to be related to multiple cases filed in SDNY; plaintiff believes it's necessary for judges to hear diverse cases to ensure judicial impartiality.

    During the pendency of this case, even when plaintiff was inexperienced and made many mistakes, this Court always fully heard plaintiff's arguments in every letter.

Yutong Jin

[redacted]

> Plaintiff's request is DENIED. This case is closed. The Court has no jurisdiction to order any relief in a case pending before another Judge. The Pro Se Office may be able to assist you in your other cases.
> SO ORDERED.
>
> Date: April 17, 2025                    *Mary Kay Vyskocil*
> New York, New York                      Mary Kay Vyskocil
>                                         United States District Judge

IH-32                                                                                          Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

Full Caption of Later Filed Case:



Plaintiff

vs.

Defendant

Case Number

Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)



Yutong Jin

Plaintiff

vs.

Solomon Choi

Defendant

Case Number

20-cv-9129-MKV

Page 1

**Status of Earlier Filed Case:**

☑ Closed      (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open        (If so, set forth procedural status and summarize any court rulings.)

settlement

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Dear Judge Vyskocil,

Pro se plaintiff in the above-captioned cases, writies to explaint why these two cases should be deemed related; the new cases appear to be related to multiple cases previously filed in SDNY ▇▇▇▇▇▇▇, but because this Court heard the underlying facts in 2020 before any other judges did, and the Rules for the Division of Business contemplates that subsequently filed related cases should be transferred to the judge presiding over the first-filed case, the new case should be transfered back to Judge Vyskocil.
(1) The two cases have substantial overlapping facts arising from the sexual assault the plaintiff experienced in January 2019 and her history of mental health. The old case was filed in part due to the delaying of Title IX administrative proceeding involving plaintiff'.
(2) Defendant ▇▇▇▇▇ in the new case ▇▇▇▇▇▇ was once issued subpoena in the old case (20-cv-9129) as witness; in its response to the subpoena, it objected the fact plaintiff filed a civil action for her sexual assault against another univesity student, and refused to provide some of the subpoenaed documents related to then-ongoing Title IX process adjudicating plaintiff's sexual assault case.
(3) In the old case, the "peer student" whom plaintiff alleged violated her personal autonomy is the individual defendant in the new case. The individual defendant exhibits the same kind of behavior in both complaints—depriving plaintiff of her personal autonomy by interfering with her personal business and misusing her victimhood. The new case is only 23 pages long and does not require discovery, trial, or knowledge of other related cases, because it alleges a dissimilar Title IX deliberate indifference claim than the other Title IX case (no response to privacy complaint versus fraudulent response to a sexual assault complaint). Transfering the new case back to Judge Vyskocil won't cause judicial inefficiency.

Signature: /s/yutong jin                                    Date: 02/24/2025
                    pro se

Firm: _____